RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXECUTIVE LENS LLC, | Case No. 5:25-cv-07150-SVK |
| Plaintiff, | **AMENDED COMPLAINT FOR:** |
| vs. | **1. Misrepresentation, 17 U.S.C. § 512(f);** |
| ROBERT ALAN REED and JOHN DOE dba "Frauditor Roundup" www.youtube.com@FrauditorRoundup, | **2. Declaration of Copyright Infringement** |
| Defendants. | |

**AMENDED COMPLAINT**

Plaintiff, Executive Lens LLC ("Plaintiff" or "Executive Lens"), files this action against Robert Alan Reed ("Attorney Reed") and John Doe d/b/a "Frauditor Roundup" ("Roundup") (Attorney Reed and Roundup are collectively referred to as "Defendants") who operates the Frauditor Roundup YouTube channel located www.youtube.com@FrauditorRoundup (The "Roundup Channel") and alleges as follows:

## INTRODUCTION

1.     This case addresses the growing misuse of the counter-notice process under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 *et seq*., by "reaction" channel operators who assert an unlimited version of fair use, one so overbroad that, if accepted, it would render copyright protection on YouTube meaningless.

2.     A rising class of YouTube creators has built profitable channels on wholesale appropriation of others' copyrighted works, contributing little or nothing in the way of genuine transformation. Their videos often consist of lengthy, unaltered segments of original creators' footage, broken up by occasional remarks, sound effects, or memes, and are then monetized through YouTube's Partner Program under the mantra of "fair use."

3.     While courts have upheld some reaction videos as fair use, those rulings emphasize frequent commentary, structured critique, and a transformative purpose. In contrast, many "mockumentary-style" infringers splice original footage with token interjections meant to ridicule, not analyze, stacking multiple acts of infringement as if that alone transforms the work. If this overbroad interpretation of fair use were accepted, it would effectively nullify copyright enforcement on YouTube: any user could repost entire videos, add a few quips or visual effects, and claim immunity. Such a precedent would strip creators of meaningful control over their work, undermine YouTube's enforcement system, and incentivize large-scale monetization of stolen content.

4.     This erosion of copyright protections has been fueled, in part, by systematic abuse of the DMCA's counter-notice process. When copyright owners like Executive Lens submit takedown notices under 17 U.S.C. § 512(c), reaction channel operators frequently

**AMENDED COMPLAINT**

respond with boilerplate counter-notices under § 512(g), swearing under penalty of perjury that their uploads are protected by fair use.

5.    On or about August 13, 2025, Attorney Reed, a personal injury attorney with no known background in copyright law, submitted two such boilerplate counter-notices to YouTube pursuant to § 512(g)(3) on behalf of the Roundup Channel, seeking to have the videos titled *Episode 10 Failed constitutional activist DMA now failing at journalism* and *Episode 98 DMA ignorance shuts down Public Defenders Office!* restored to that channel (the "Infringing Videos") (the "Counter-Notices"). A copy of the Counter-Notices is attached hereto as Exhibit A.

6.    Attorney Reed has submitted nearly identical boilerplate counter-notices to YouTube on behalf of the Roundup Channel in the past to reinstate infringing material using copyrighted footage other than Executive Lens' footage. *See Liberty Troll LLC v. Reed*, 25-cv-06878-SVK (NDCA).

7.    The Counter-Notices claimed, under penalty of perjury, that "the entirety of the content is de facto fair use," and that "Frauditor Roundup is the owner and creator of the content uploaded," further asserting that "the clips used were provided for educational purposes and for commentary and criticism." It also stated that the material was removed "as a result of a mistake or misidentification."

8.    These conclusory statements mirror the kind of boilerplate language reaction channels (and Attorney Reed) often deploy without conducting any individualized fair-use analysis. Rather than evaluating the specific amount, substantiality, and purpose of the footage taken from Executive Lens, Reed relied on a one-size-fits-all legal script untethered from the actual content at issue.

9.    As detailed below, the Counter-Notices are materially false and were knowingly submitted to manipulate YouTube's copyright enforcement process.

10.    Executive Lens brings this action under 17 U.S.C. § 512(f) to hold Defendants accountable for knowingly and materially misrepresenting the legal basis of the Counter-

**AMENDED COMPLAINT**

1  Notices and to ensure the permanent removal of the Infringing Videos from the Roundup
2  Channel.

3  ## JURISDICTION AND VENUE

4  11.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and
5  includes a claim for Declaratory Relief under 28 U.S.C. § 2201.

6  12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
7  1338(a).

8  13.     This Court has personal jurisdiction over Defendants because they
9  purposefully directed their conduct toward this District by submitting the Counter-Notices
10  to YouTube, a company headquartered in this District, knowing that the alleged
11  infringement dispute would be processed, reviewed, and acted upon here. Defendants knew
12  or should have known that YouTube's copyright enforcement operations occur primarily
13  in the Northern District of California, and that YouTube would rely on their sworn
14  statements in determining whether to reinstate the video at issue. By initiating the counter-
15  notice process under 17 U.S.C. § 512(g), Defendants purposefully caused effects in this
16  District sufficient to establish specific personal jurisdiction.

17  14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. §
18  1400(a) because a substantial part of the events or omissions giving rise to the claim
19  occurred in this District, including YouTube's reliance on the false Counter-Notices to
20  reinstate the Infringing Video if Executive Lens did not file this action.

21  ## PARTIES

22  15.     Executive Lens is a Colorado limited liability company and the sole owner of
23  the copyrights in the videos published on the YouTube channel "Denver Metro Audits"
24  (@DenverMetroAudits) (the "DMA Channel").

25  16.     Executive Lens is the owner, by written assignment, of the exclusive rights in
26  and to the videos at issue in this case. The videos were originally created and published by
27  Christopher J. Cordova ("Cordova") on the DMA Channel, and Cordova submitted the
28  DMCA takedown notices to YouTube on or about July 13, 2025. Thereafter, Cordova

4

**AMENDED COMPLAINT**

1    transferred to Executive Lens all rights, title, and interest in the works, including the right

2    to enforce them against infringement.

3         17.    Attorney Reed is an attorney licensed to practice law in the State of California

4    with an office address at 16530 Ventura Blvd., Suite 312, Encino CA 91436.

5         18.    Defendant John Doe, operating under the alias "Frauditor Roundup," runs a

6    YouTube channel located at @FrauditorRoundup. Upon information and belief, Roundup

7    monetizes the Roundup Channel through YouTube's Partner Program and coordinates with

8    Attorney Reed to submit counter-notices designed to preserve infringing, revenue-

9    generating content.

10        19.    The Roundup Channel is a textbook example of an anonymous "reaction"

11    channel, that is, a channel that creates no original content of its own (or very little in this

12    case), but instead lifts copyrighted footage from others, overlays superficial or token

13    commentary, and attempts to pass it off as transformative. Roundup never appears on

14    camera and does not create any video footage to add to the "reaction" videos. The channel's

15    anonymity has served as both sword and shield, permitting targeted harassment of real

16    creators while shielding the actual operator from liability

17        20.    The Roundup Channel exists to monetize stolen footage from other creators

18    under the guise of fair use and admittedly "bully" other creators.

19                              **FACTUAL ALLEGATIONS**

20        21.    YouTube is the largest video-sharing platform in the world and operates under

21    the framework established by the DMCA.

22        22.    The DMCA provides a process by which copyright owners may request the

23    removal of infringing content through a notice-and-takedown mechanism. If the platform

24    receives a valid takedown notice, it typically disables access to the allegedly infringing

25    material.

26        23.    The statute also gives the alleged infringer a way to respond: a counter-

27    notification claiming the use is authorized, lawful, or otherwise non-infringing. If the

28

**AMENDED COMPLAINT**

1  copyright owner does not file a federal lawsuit within 10 business days of receiving a
2  counter-notice, YouTube must restore access to the disputed content. 17 U.S.C. § 512(g).

3      24.    This framework shifts the burden onto copyright owners, often small creators
4  or publishers, to file suit quickly or see their work reposted.

5      25.    Infringers exploit this imbalance, especially anonymous, monetized
6  "reaction" channels, by filing boilerplate counter-notices designed to intimidate rights
7  holders into dropping the matter.

8      26.    In practice, this loophole allows such channels to continue monetizing stolen
9  content while hiding behind the mantra of "fair use," even where their videos consist
10 largely of unaltered footage from original creators.

11     27.    Over time, "fair use" has become a catchall excuse on YouTube, not to
12 support legitimate critique or commentary, but to justify wholesale misappropriation and
13 monetization of others' work without meaningful transformation.

14     28.    In the context of this Complaint, the term "Auditor" refers to independent
15 content creators who record interactions with government officials in public spaces to
16 promote transparency, document public conduct, and assert constitutional rights,
17 particularly those protected by the First Amendment. These creators act as citizen
18 journalists, watchdogs, and public advocates, often filming police encounters, public
19 meetings, and other matters of public interest, and then publishing that footage online, most
20 prominently on YouTube.

21     29.    The Auditor movement has grown into a visible force on social media,
22 drawing millions of subscribers and billions of views. Many operate under pseudonyms
23 but have become well-known within the digital civil rights space.

24     30.    One such Auditor is Cordova, an activist and content creator who regularly
25 films interactions with public officials, government employees, and law enforcement
26 officers in the course of his advocacy work. He posts these recordings to the DMA Channel,
27 where they serve both as a record of public conduct and as a tool to promote government
28 transparency and accountability. Cordova's work is part of the broader Auditor movement

**AMENDED COMPLAINT**

and has attracted a dedicated audience interested in constitutional rights, public oversight, and civil liberties.

31.    In response to the popularity of Auditors like Cordova, a genre of YouTube creators known as "Auditor Trolls" has emerged. These channels purport to critique Auditor content, but their focus is ridicule rather than substantive analysis. Cloaked in the trappings of commentary, these videos rely heavily on insult, mockery, and misrepresentation rather than meaningful critique or transformative discussion.

32.    The Roundup Channel is a textbook example. It provides no new message, insight, or purpose. Instead, it repackages Executive Lens' footage with occasional ridicule to attract viewers and generate ad revenue, while creating little original content of its own.

33.    Most Roundup videos are assembled from Auditors' footage downloaded in violation of YouTube's Terms of Service and federal law.

34.    The additions rarely address the subject matter or journalistic value of the original works. Instead, they mock Auditors personally and divert viewers from the original content.

35.    The Roundup Channel has repeatedly used Executive Lens' copyrighted works without permission.

### ***Episode 10 Failed constitutional activist DMA now failing at journalism***

36.    Roundup posted a video titled *Episode 10 Failed constitutional activist DMA now failing at journalism* to the Roundup Channel ("Infringing Video 1").[1]

37.    Infringing Video 1 contains approximately eight minutes and forty-one seconds of footage from Executive Lens' thirteen minute and one second video titled *COP CAUGHT CHEATING ON THIS WIFE!!! With a City Council member!!!* that was posted to the DMA Channel on May 28, 2023.[2] The copied material comprises virtually the entire substance of Executive Lens' work.

---

[1] https://www.youtube.com/watch?v=JdqiluQDIpQ

[2] https://www.youtube.com/watch?v=V9H_BLd_uhs

**AMENDED COMPLAINT**

38.    Based upon information and belief, Roundup obtained this footage from the DMA Channel in violation of YouTube's Terms of Services and in violation of federal law.

39.    Infringing Video 1 contains several uninterrupted segments of Executive Lens' footage exceeding one minute in length, with absolutely no commentary or transformation.

40.    The minimal commentary that does exist in Infringing Video 1 consists of narration, insults, and superficial asides, offering no substantive critique or analysis. Out of the eight minutes and forty-one seconds of Executive Lens' footage used, the overwhelming majority is presented without meaningful transformation, serving primarily as unaltered entertainment for Roundup's audience.

41.    Although the Infringing Video's title suggests it is about DMA failing at journalism, only a very brief portion of Executive Lens' footage actually depicts that interaction. Roundup could have conveyed the same purported point by using that brief excerpt yet instead appropriated eight minutes and forty-one seconds of Executive Lens' work, the vast majority unrelated to the stated theme, for use as filler in Infringing Video 1.

42.    This wholesale re-use is far outside the bounds of what courts have found permissible in "reaction" or "commentary" videos. Roundup's channel operates under the mistaken belief, shared by many "reaction" channels, that any amount of commentary somewhere in a video transforms *all* of the copied footage, regardless of length or placement. This lawsuit seeks to correct that misinterpretation and reaffirm that fair use has limits.

43.    On or about June 30, 2025, in a publicly viewable post on YouTube, Roundup stated, in a response to a comment "noooo, I'm pretty sure it's from the dude who thinks he's found a way to end internet bullying." This admission shows that Roundup's purpose

**AMENDED COMPLAINT**

1    was not to provide transformative commentary or education, but to target and ridicule a

2    particular individual. Such intent is consistent with the "mockumentary-style" harassment

3    described above and weighs heavily against a finding of fair use.

4    ### *Episode 98 DMA ignorance shuts down Public Defenders Office!*

5    44.    Roundup posted a video titled *Episode 98 DMA ignorance shuts down Public*

6    *Defenders Office!* ("Infringing Video 2") [3] (Infringing Video 1 and Infringing Video 2 are

7    collectively referred to as the "Infringing Videos").

8    45.    Infringing Video 2 contains approximately twenty-two minutes and fifty

9    seconds of footage from Executive Lens' fifty-seven minute and forty second video titled

10   *COPS CALLED & BUSINESS SHUTDOWN!!! BY Public Defenders for a CAMERA!!!*

11   *Part 1* that was posted to the DMA Channel on May 19, 2024.[4] The copied material

12   comprises virtually the entire substance of Executive Lens' work.

13   46.    Infringing Video 2 contains nine uninterrupted segments of Executive Lens'

14   footage exceeding one minute in length, with absolutely no meaningful commentary or

15   transformation. These segments run for 1:02, 1:06, 1:24, 1:29, 1:29, 1:55, 1:55, 1:56 and

16   3:17.

17   47.    The minimal commentary in Infringing Video 2 consists primarily of

18   narration, superficial asides, and repeated crude remarks, including multiple reference to

19   Cordova going to "pound me in the ass prison."[5] None of this provides meaningful critique

20   or analysis. Out of the twenty-two minutes and fifty seconds of Executive Lens' footage

21   used, the overwhelming majority is presented without meaningful transformation, serving

22   primarily as unaltered entertainment for Roundup's audience.

23

24

25   ---
     [3] _https://www.youtube.com/watch?v=oA0FdQXChE8.

26

27   [4]https://www.youtube.com/watch?v=flfHM-PjLJk

28   [5] The operator of the Roundup Channel apparently believes that jokes about prison rape transform
     Plaintiff's footage into fair use commentary.

**AMENDED COMPLAINT**

48.    This wholesale re-use is far outside the bounds of what courts have found permissible in "reaction" or "commentary" videos. Roundup's channel operates under the mistaken belief, shared by many "reaction" channels, that any amount of commentary somewhere in a video transforms *all* of the copied footage, regardless of length or placement. This lawsuit seeks to correct that misinterpretation and reaffirm that fair use has limits.

### *The Takedowns and FALSE Counter-Notices*

49.    On or about July 13, 2025, Cordova, the original creator of the videos at issue, submitted DMCA takedown notices to YouTube pursuant to 17 U.S.C. § 512(c), identifying the Infringing Videos. Following the takedown, Cordova executed a written assignment transferring all rights, title, and interest in the videos, including the exclusive right to enforce the copyrights, to Executive Lens.

50.    YouTube complied and removed the Infringing Videos.

51.    On or about August 13, 2025, Attorney Reed, a personal injury attorney with no known background in copyright law, submitted the Counter-Notices to YouTube pursuant to 17 U.S.C. § 512(g)(3) on behalf of the operator of the Roundup Channel. In the Counter-Notices, Attorney Reed claimed the Infringing Videos fell under "de facto fair use," a phrase that appears nowhere in Title 17 or in any recognized fair use jurisprudence. A copy of the Counter-Notices is attached hereto as Exhibit "A".

52.    The Counter-Notices also asserted that "Frauditor Roundup is the owner and creator of the content uploaded," and that "the clips used were provided for educational purposes[6] and for commentary and criticism." The Counter-Notices provide no individualized analysis of the statutory fair-use factors and did not address the amount or substantiality of Executive Lens' footage used, the purpose and character of the use, or its market effect.

---

[6] It is difficult to see how repeated comments about prison rape have any educational purpose.

**AMENDED COMPLAINT**

53.     By signing under penalty of perjury, Attorney Reed personally adopted these statements, despite their lack of factual foundation and the absence of any legitimate legal doctrine called "de facto fair use." His reckless disregard for the truth, coupled with his certification of a fabricated legal standard, constitutes knowing and material misrepresentations under § 512(f).

54.     The Counter-Notices were part of a coordinated scheme to preserve monetized infringing content. Defendants submitted the false Counter-Notices under penalty of perjury as required by 17 U.S.C. § 512(g).

55.     Executive Lens now seeks damages, attorneys' fees, declaratory and injunctive relief for Defendants' material misrepresentations in the Counter-Notices submitted to YouTube.

## FIRST CAUSE OF ACTION

### Misrepresentation in Counter-Notifications under the DMCA

### (17 U.S.C. § 512(f))

56.     Executive Lens incorporates by reference the allegations set forth in Paragraphs 1 through 55.

57.     Section 512(f)(2) of the Copyright Act provides, in relevant part, that "***any person*** who knowingly materially misrepresents under this section . . . that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner…who is injured by such misrepresentation..." (emphasis added).

58.     Despite swearing under penalty of perjury, Defendants' Counter-Notices contained conclusory assertions and legal misstatements that were knowingly false when made.

59.     Defendants' Counter-Notices to YouTube falsely represented, among other things: (a) that "the entirety of the content is de facto fair use," a fabricated legal standard found nowhere in Title 17 or in recognized fair-use jurisprudence;

**AMENDED COMPLAINT**

(b) that "Frauditor Roundup is the owner and creator of the content uploaded" despite the fact that a substantial portion of the Infringing Videos consisted of Executive Lens' footage; (c) that "the clips used were provided for educational purposes and for commentary and criticism" when multiple uninterrupted segments, totaling several minutes, contained no commentary, critique, or educational material at all; and (d) that Reed and his client had "a good faith belief that the material was removed or disabled as a result of a mistake or misidentification," despite the Infringing Videos' wholesale incorporation of substantial amounts of Executive Lens' original works.

60.    These representations were materially false. Defendants used this language and unsupported legal conclusions without conducting any individualized fair-use analysis before swearing to them under penalty of perjury.

61.    Defendants made these misrepresentations knowingly, with the purpose of causing YouTube to reinstate the Infringing Videos and to enable continued monetization of the "Frauditor Roundup" channel.

62.    As a direct result of Defendants' material misrepresentations, Executive Lens was forced to initiate this action to prevent reinstatement of the Infringing Videos to the Roundup Channel. Executive Lens is entitled to recover damages, costs, and attorneys' fees under 17 U.S.C. § 512(f).

63.    Executive Lens is further entitled to injunctive relief restraining Defendants and YouTube from reinstating the Infringing Videos to the Roundup Channel.

## SECOND CAUSE OF ACTION

### Declaration of Copyright Infringement, 28 U.S.C. § 2201

### (Against John Doe dba Frauditor Roundup)

64.    Executive Lens incorporates by reference the allegations set forth in Paragraphs 1 through 63.

65.    Executive Lens seeks a declaration that the Infringing Videos infringe Executive Lens' copyrights in the original works, and that the Roundup Channel has no

**AMENDED COMPLAINT**

right to reproduce, distribute, publicly display, or otherwise exploit the works without Executive Lens' authorization.

66.    An actual and justiciable controversy exists between Executive Lens and John Doe concerning the Roundup Channel's use of the Infringing Videos.

67.    Executive Lens contends that the Roundup Channel's use of the Infringing Videos is not protected under 17 U.S.C. § 107.

68.    Defendants assert that Roundup's use of the Infringing Videos is protected by 17 U.S.C. § 107 as stated in the Counter-Notices.

69.    Executive Lens seeks a judicial declaration under 28 U.S.C. § 2201 that the Roundup Channel's use of the Infringing Videos is not protected by 17 U.S.C. § 107.

70.    Executive Lens also seeks an injunction restraining YouTube from restoring the Infringing Videos[7] to the Roundup Channel.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Executive Lens LLC prays for judgment against Defendants as follows:

A.    That judgment be entered in favor of Executive Lens and against Defendants for monetary damages caused by their knowing material misrepresentations in the Counter-Notices pursuant to 17 U.S.C. § 512(f);

B.    That the Court enter a declaratory judgment that the Roundup Channel's use of the Infringing Videos is not protected by 17 U.S.C. § 107;

C.    A permanent injunction enjoining the Roundup Channel and any related channel from further use of the Infringing Videos;

D.    An award of attorneys' fees and costs pursuant to 17 U.S.C. § 512(f)(2);

E.    Any other relief the Court deems just and proper.

---

[7] https://www.youtube.com/watch?v=JdqiluQDIpQ
https://www.youtube.com/watch?v=oA0FdQXChE8

**AMENDED COMPLAINT**

Dated:  August 26, 2025

/s/ Randall S. Newman

Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens LLC*

**AMENDED COMPLAINT**

                                          DMCA Lawyer <thedmcalawyer@gmail.com>

## Fwd: [WQKUQ653MCOU4IPWCNIDNBKL2U] New Copyright Counter Notification
1 message

**Denver Metro Audits** <denvermetroaudits@gmail.com>          Mon, Aug 18, 2025 at 11:33 PM
To: DMCA Lawyer <thedmcalawyer@gmail.com>

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+339qfpp5d7s7t0h@google.com>
Date: Thu, Aug 14, 2025 at 7:30 AM
Subject: Re: [WQKUQ653MCOU4IPWCNIDNBKL2U] New Copyright Counter Notification
To: <denvermetroaudits@gmail.com>



We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

*   http://www.youtube.com/watch?v=JdqiIuQDIpQ

Display name of uploader: Frauditor Roundup

                                        Aug 13, 2025


SENT BY FAX AND EMAIL

650-872-8513

copyright@youtube.com


DMCA Complaints

EXHIBIT A - Page 1 of 6

YouTube (Google LLC)

901 Cherry Ave

San Bruno, CA 94066

Dear Sir or Madam,

Please be advised that I have been retained by YouTube user/channel "Frauditor Roundup" to act as agent for service of process and to file this counter to the DMCA filed recently on the video

https://www.youtube.com/watch?v=JdqiluQDIpQ

.

**Full Legal Name**: Robert Reed, Esq. (agent for service of process, on behalf of "Frauditor Roundup")

**Email Address**: frauditorroundup@gmail.com (for Frauditor Roundup)

**Physical Address**: Law Office of Robert Reed, 16530 Ventura Blvd., Suite 312, Encino, CA 91436

**Telephone Number**: 818-783-7998

Identification of Specific URLS affected:

https://www.youtube.com/watch?v=JdqiluQDIpQ

YouTube user "Frauditor Roundup" agrees to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

Statement to the Claimant: The removal of the videos was a mistake because the entirety of the content is de facto fair use.  Frauditor Roundup is the owner and creator of the content uploaded, and the clips used were provided for educational purposes and for commentary and criticism.

Frauditor Roundup, my client, and I swear, under penalty of perjury, that we have a good faith belief that the material was removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled.

EXHIBIT A - Page 2 of 6

Any questions, do not hesitate to contact me at my office (818) 783-7998.


Very truly yours,


ROBERT A REED, ESQ.

frauditorroundup@gmail.com


Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

EXHIBIT A - Page 3 of 6

                                                          DMCA Lawyer <thedmcalawyer@gmail.com>

## Fwd: [Q3QDW3WHAQDQH63B3OCFTHEI6Q] New Copyright Counter Notification
1 message

**Denver Metro Audits** <denvermetroaudits@gmail.com>                    Mon, Aug 18, 2025 at 11:33 PM
To: DMCA Lawyer <thedmcalawyer@gmail.com>

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+1f40c32wrjtpl0h@google.com>
Date: Thu, Aug 14, 2025 at 8:55 AM
Subject: Re: [Q3QDW3WHAQDQH63B3OCFTHEI6Q] New Copyright Counter Notification
To: <denvermetroaudits@gmail.com>



We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=oA0FdQXChE8

Display name of uploader: Frauditor Roundup

                                            Aug 13, 2025


SENT BY FAX AND EMAIL

650-872-8513

copyright@youtube.com


DMCA Complaints

EXHIBIT A - Page 4 of 6

YouTube (Google LLC)

901 Cherry Ave

San Bruno, CA 94066


Dear Sir or Madam,


Please be advised that I have been retained by YouTube user/channel "Frauditor Roundup" to act as agent for service of process and to file this counter to the DMCA filed recently on the video

https://www.youtube.com/watch?v=oA0FdQXChE8



**Full Legal Name**: Robert Reed, Esq. (agent for service of process, on behalf of "Frauditor Roundup")

**Email Address**: frauditorroundup@gmail.com (for Frauditor Roundup)

**Physical Address**: Law Office of Robert Reed, 16530 Ventura Blvd., Suite 312, Encino, CA 91436

**Telephone Number**: 818-783-7998


Identification of Specific URLS affected:


https://www.youtube.com/watch?v=oA0FdQXChE8



YouTube user "Frauditor Roundup" agrees to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."


Statement to the Claimant: The removal of the videos was a mistake because the entirety of the content is de facto fair use.  Frauditor Roundup is the owner and creator of the content uploaded, and the clips used were provided for educational purposes and for commentary and criticism.


Frauditor Roundup, my client, and I swear, under penalty of perjury, that we have a good faith belief that the material was removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled.


Any questions, do not hesitate to contact me at my office (818) 783-7998.

EXHIBIT A - Page 5 of 6

Very truly yours,


ROBERT A REED, ESQ.

frauditorroundup@gmail.com


Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

EXHIBIT A - Page 6 of 6