# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXECUTIVE LENS LLC, | Case No. 25-cv-07150-SVK |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | |
| ROBERT ALAN REED and JOHN DOE dba "Frauditor Roundup" www.youtube.com@FrauditorRoundup, | Date:  December 9, 2025<br>Time:  9:30 a.m.<br>Place: Videoconference<br>Judge: Hon. Susan van Keulen |
| Defendants. | |

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's August 26, 2025 (ECF No. 4) Order, Federal Rule of Civil Procedure 16 and Civil L.R. 16-9, the parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order.

## I.     JURISDICTION & SERVICE

The parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

The parties further agree that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial portion of the events giving rise to the claims occurred here and the relevant conduct was directed toward this District through the use of YouTube's U.S.-based servers and DMCA processes.

Defendant has consented to personal jurisdiction in this District by filing an Answer (ECF No. 10) without first filing a Rule 12(b)(2) motion. Under Fed. R. Civ. P. 12(h)(1), any objection to personal jurisdiction has therefore been waived. In any event, Defendant purposefully directed his conduct toward this District by submitting counter-notifications to YouTube, a company headquartered in San Bruno, California, with knowledge that the DMCA dispute would be processed and acted upon here.

## II.    FACTS

### A.    Plaintiff's Statement of Facts

Plaintiff Executive Lens LLC is the owner, by written assignment, of the exclusive rights in and to the videos originally created and published by Christopher J. Cordova on the YouTube channel "Denver Metro Audits" (@DenverMetroAudits). On or about July 13, 2025, Cordova submitted two DMCA takedown notices to YouTube pursuant to 17 U.S.C. § 512(c), identifying videos uploaded by the channel known as "Frauditor Roundup" that incorporated extensive portions of Plaintiff's copyrighted works. Following removal of those infringing videos, Cordova executed a written assignment transferring all rights, title, and interest in the works, including enforcement rights, to Executive Lens. On or

about August 13, 2025, Defendant Robert Alan Reed, a personal-injury attorney with no known background in copyright law, submitted two counter-notifications under 17 U.S.C. § 512(g)(3) on behalf of the operator of the Frauditor Roundup channel, seeking to have the removed videos reinstated. The counter-notices concerned (1) *Episode 10 Failed constitutional activist DMA now failing at journalism* and (2) *Episode 98 DMA ignorance shuts down Public Defenders Office!* (collectively, the "Infringing Videos"). In each counter-notice, Reed claimed under penalty of perjury that "the entirety of the content is de facto fair use," that "Frauditor Roundup is the owner and creator of the content uploaded," and that "the clips used were provided for educational purposes and for commentary and criticism." Those representations were legally baseless and factually false: each video contained lengthy, uninterrupted segments of Plaintiff's footage, eight minutes and forty-one seconds in one, and twenty-two minutes and fifty seconds in the other, with little or no commentary or transformation.

      Attorney Reed's sworn counter-notices employed identical boilerplate language he has used in other cases, including *Liberty Troll LLC v. Reed*, 25-cv-06878-SVK (N.D. Cal.), to reinstate infringing material on "reaction" or "anti-auditor" channels without conducting any individualized analysis of the statutory fair-use factors. Such automated, conclusory filings demonstrate a reckless disregard for the truth of the representations required under 17 U.S.C. § 512(g) and exemplify misuse of the DMCA counter-notice process to manipulate YouTube's copyright-enforcement system.

      Although Reed has identified a purported name for the operator of the Frauditor Roundup channel, Plaintiff has been unable to verify that information. Based on publicly available YouTube comments and community posts, Plaintiff has reason to believe that Reed may not know the true identity of the channel owner. Accordingly, the true operator remains unidentified and is sued herein as John Doe d/b/a Frauditor Roundup.

      Through this action, Plaintiff seeks to hold Reed and the John Doe defendant accountable for knowingly and materially misrepresenting the legal basis for the Counter-

Notice and to obtain a declaration that the Roundup videos infringe Exeutive Lens' copyrighted works.

B.   **Defendants' Statement of Facts**

Defendant Robert Alan Reed was retained by YouTube user "Frauditor Roundup" (Ruben Martinez, address and phone number provided to Plaintiff in September, 2025, and included in the proof of service on Reed's answer to Plaintiff's complaint) for the sole purpose of serving as agent for service of process. Reed was not retained – in any capacity – as an attorney.

Reed provided a service for YouTube channels that had notoriously been the victim of false DMCA claims filed against them. These false claims would generally be made to get personal information, having no intention to pursue justice, but instead seeking to harass, harm, and most importantly, squelch YouTube user's fair use rights to criticize and/or mock other material uploaded publicly to the platform.  Defendant Reed is a "YouTuber" and has experienced this first hand, which led him to provide the service to other "YouTubers" for a nominal fee.

The substantial majority of those who retained Reed as agent for service of process would file their counter on their own, using Reed's law office address. In the instant case, Reed was asked to submit the claims on Defendant "Frauditor Roundup's" behalf. Reed's submissions were rejected by YouTube. YouTube did eventually accept the counter claims when filed directly by Defendant "Frauditor Roundup," himself.

When retaining Reed as "agent for service" of process, "Frauditor Roundup" provided his personal information (to be provided to any DMCA filer who, in fact, did file a copyright lawsuit as it was in this case), agreed to all of the requirements of 17 U.S.C. § 512(g)(3), and agreed that he had reviewed the fair use requirements and was of his own "good faith" belief that his use of the material at issue was compliant with the elements of fair use**.** In reliance of these assertions, made under penalty of perjury by "Frauditor Roundup" on Defendant Reed's platform, Defendant Reed had the good faith belief that the assertions were true.

Defendant Reed contends that the representations made by him as asserted in the DMCA counter were in "good faith," and because YouTube rejected the submissions made directly by Defendant Reed, the assertions were not material to YouTube's decision to reinstate the videos at issue. Reed had no personal relationship with Defendant "Frauditor Roundup," nor did he have any involvement in the creation of the videos at issue.

Lastly, of note, Reed has closed his law practice, including the service provided to "YouTubers" at issue in this case. Reed further contends that any issues of declaratory relief for the use of such a service to protect a YouTuber's identity would best be addressed in a lawsuit against Google.

## III.    LEGAL ISSUES

1. Whether the Frauditor Roundup channel's use of Plaintiff's copyrighted video content constitutes fair use under 17 U.S.C. § 107.
2. Whether Defendants' DMCA counter-notifications contained material misrepresentations in violation of 17 U.S.C. § 512(f).
3. Whether Reed's operation of a counter-mill was a violation of 17 U.S.C. §§ 512(f) and (g).
4. Whether Plaintiff is entitled to damages, injunctive relief, or attorneys' fees under the Copyright Act or the DMCA.
5. Whether Google (as proprietor of YouTube) is the appropriate party for Plaintiff's seeking of declaratory and/or injunctive relief under the Code.

## IV.    MOTIONS

No motions are currently pending.

## V.    AMENDMENT OF PLEADINGS

Plaintiff intends to amend the complaint to add the operator of the Frauditor Roundup YouTube channel as a defendant after third-party discovery on Google LLC. Plaintiff reserves the right to seek leave to amend after discovery reveals the scope of Reed's counter-notice mill.

## VI. EVIDENCE PRESERVATION

The parties certify that they have reviewed the ESI Guidelines, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The parties do not anticipate any issues concerning evidence preservation at this time but will promptly raise any disputes with the Court if they arise.

## VII. DISCLOSURES

Plaintiff and Defendants will have served their Rule 26(a) Initial Disclosures as of the date of this Joint Case Management Statement, December 2, 2025.

## VIII. DISCOVERY

No discovery has been conducted to date. The parties have discussed the scope of anticipated discovery and agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

Given the limited volume of electronically stored information (ESI) anticipated, the parties do not presently expect to require e-discovery vendors, formal search protocols, or specialized review platforms. The parties will cooperate in good faith to exchange relevant materials in native or reasonably usable format and will meet and confer regarding a stipulated E-Discovery Order if the need arises.

No discovery disputes have been identified at this time.

## IX. CLASS ACTION

This is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff seeks relief under 17 U.S.C. § 512(f) for Defendants' knowing and material misrepresentations in DMCA counter-notifications submitted to YouTube on or about

August 13, 2025. Specifically, Plaintiff requests (1) actual damages caused by the misrepresentations, including expenses and attorney's fees incurred to prevent reinstatement of infringing videos; and (2) a declaratory judgment under 28 U.S.C. § 2201 confirming that Defendant's use of Plaintiff's copyrighted works does not constitute fair use under 17 U.S.C. § 107; and (3) injunctive relief restraining Defendant from further use, publication, or republication of Plaintiff's copyrighted videos at issue.

**B.     Defendants' Position:**

Defendant Reed prays for judgment, as follows: (1) that Plaintiff's complaint be dismissed in its entirety; (2) that Defendant Ruben Martinez aka "Frauditor Roundup's" use of Plaintiff's YouTube videos constituted fair use and that any alleged "misrepresentations" asserted in the counter DMCA filings were, in fact, not misrepresentations at all, but were true and correct; (3) that Reed's assertions made in the counter DMCA filings were in good faith and, in fact, were not material in YouTube's decision to reinstate the video at issue; and, (4) that Plaintiff suffered no damages and/or failed to mitigate damages as a result of the video reinstatement.

**WXII.     SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the following conclusions: the parties are open to early mediation. Defendant Reed specifically requests an Early Neutral Evaluation.

**XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties consented to the Magistrate Judge for all purposes

**XIV.     OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**XV.     NARROWING OF ISSUES**

The parties do not believe that it is possible to narrow the issues at this time. Potential narrowing after discovery on ownership and counter-notice authenticity.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that his case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

## XVII. SCHEDULING

| Event | Proposed Deadline |
|---|---|
| Completion of Fact Discovery | July 31, 2026 |
| Expert Disclosures | August 31, 2026 |
| Completion of Expert Discovery | September 30, 2026 |
| Deadline for Dispositive Motions | October 31, 2026 |
| Pretrial Conference | February 2027 |
| Bench Trial (Estimated 1 day) | March 2027 |

## XVIII. TRIAL

The parties consent to a bench trial (estimated 1 day).

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed the required certification; no non-party interested entities other than Google LLC (YouTube) may be implicated.

## XX. PROFESSIONAL CONDUCT

Counsel have reviewed the Guidelines for Professional Conduct and will comply.

## XXI. OTHER

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing.

Dated: December 2, 2025

s/ Randall S. Newman
Randall S. Newman, Esq. (190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Executive Lens LLC*

Dated: December 2, 2025

s/ Robert Reed
Robert Reed, Esq. (180972)
16530 Ventura Blvd., Suite 312
Encino, CA 91436
(818) 438-3677
robertreed@gmail.com

*In Pro Per*

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

SUSAN VAN KEULEN, UNITED STATES MAGISTRATE JUDGE